UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MARTINE P. GOODEN, | ) | CASE NO. 3:06 CV 2759 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| SCOTT STERLING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 15, 2006, plaintiff pro se Martine P. Gooden filed the above-captioned action under 42 U.S.C. § 1983 against Marion Police Officer Scott Sterling, Marion Detective Jay McDonald, the City of Marion Police Department and Defense Attorney Denise M. Martin. In the complaint, plaintiff alleges evidence used to convict him was obtained in violation of the Fourth Amendment. He seeks compensatory damages in the amount of $ 5,000,000.00 and punitive damages in the amount of $ 5,000,000.00.

Mr. Gooden filed a Motion to Amend Complaint to add Defense Attorney Javier Armengau as a defendant on January 24, 2007. [ECF # 3.] That Motion is **granted**.

## Background

Mr. Gooden claims that Officer Sterling interviewed him on December 31, 2005.[1] He claims that at the conclusion of the interview, Officer Sterling transported him to 731 Kentucky Avenue. When he discovered no one was at the residence, Officer Sterling allegedly drove Mr. Gooden to 409 North Grand Avenue to obtain a spare key to 731 Kentucky Avenue. No one was in the house at the second address. Mr. Gooden contends they returned to 731 Kentucky Avenue. He claims that Officer Sterling forced him to climb inside a window and threatened to kill him if he attempted to run away. Mr. Gooden alleges that once inside the house, Officer Sterling forced him to open a locked bedroom door and proceeded to conduct a search of the premises. He claims that the Officer eventually called for back-up when "the homeowner suddenly returned home asking Officer Sterling how he and Gooden had gotten inside their home." (Compl. at 2.) Mr. Gooden does not indicate whose home they were in and for which items they were searching.

Mr. Gooden was apparently arrested and prosecuted on unspecified charges. Attorney Denise Martin was hired to defend Mr. Gooden. He claims that at their first meeting, Ms. Martin told him she would file a Motion to Suppress the evidence obtained during the search of the house. He states he made numerous telephone calls to Ms. Martin and forwarded funds to her for a polygraph but she never filed the Motion. It is not clear what legal services Mr. Armengau provided. Mr. Gooden contends he also "failed to comply with the wishes of the plaintiff in regards to the suppression hearing." (Mot. to Am. at 2.) He claims his attorneys provided ineffective

---

[1] Mr. Gooden states that the events occurred on December 31, 2006; however, as the complaint was filed in November 2006, the court presumes that the events took place on December 31, 2005.

2

assistance of counsel and committed malpractice. He also claims the confession he gave to officers was coerced and subsequent search was conducted without a warrant. Mr. Gooden was convicted of aggravated robbery and theft by threat in 2006 and was sentenced to twelve years and 11 months in prison. See State v. Gooden, No. 9-06-17, 2006 WL 2935337 (Ohio App. 3 Dist. Oct. 16, 2006).

**Analysis**

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir.

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

May 5, 1998). Mr. Gooden raises claims which, if found to have merit, would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. His conviction was upheld on appeal. See State v. Gooden, No. 9-06-17, 2006 WL 2935337 (Ohio App. 3 Dist. Oct. 16, 2006). He has not alleged any facts which would reasonably suggest that his conviction had been set aside or declared invalid by any other court. Consequently, his claims are not cognizable and must be dismissed.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a) provides, in pertinent part:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.